

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL


Game, Fish and Oyster Commission
Austin, Texas

Gentlemen:              Attention:  Mr. Wm. J. Tucker

Opinion No. O-4244

Re: Whether or not locker plants are
cold storage plants, as de-
fined by Article 909, Penal
Code?

We have your letter requesting an opinion upon the above subject matter, as follows:

> "Article 909 P. C. 1925 as amended by
> Senate Bill 30, 43rd Legislature provides
> the manner in which cold storage plants may
> be operated. The third paragraph of this
> Article provides that game and fish wardens
> may inspect these plants or the record books
> thereof and any operator or employee of such
> plant shall be guilty of a misdemeanor and
> upon conviction shall be fined in a sum not
> less than $25.00 nor more than $200.00 if he
> fails to keep a record or refuses to permit a
> game and fish warden to inspect such plant.

> "Many locker plants are in operation at
> this time in this State. Lockers are rented
> or leased to individuals at so much per month
> or per annum. The lessee is furnished with a
> key to his locker; the operator of the plant
> may or may not possess a key to the locker.

> "Are these locker plants cold storage
> plants as defined by the Article cited above
> and would a game and fish warden have author-
> ity to search these private lockers without a
> search warrant if he had good reason to believe
> that game animals or game birds were stored in
> them?"

Article 909 of the Penal Code, so far as pertinent, reads:

"It shall be unlawful for any person to place in any public cold storage plant, or for any operator or employee of any such cold storage plant to place or accept for placing in such cold storage plant, any game bird or game animal of this State at any time except during the open season provided for the taking of same and for a period of three days immediately thereafter.

"The owner or operator of any public cold storage plant, which intends to accept or does accept, any game bird or game animal of this State for storage, before accepting same shall provide a book in which he shall keep a legible record. Such record shall show the name of each and every person placing any game bird or game animal on storage in such public cold storage plant, the name of the person for whom it is placed on storage, the number of same, the kind of game bird or game animal placed on storage and the date on which such game bird or game animal is placed on storage. For the purpose of this Act, any plant in which game is stored for any person, other than the owner of such plant, is hereby defined as a public cold storage plant. Any public cold storage plant, or the record book required to be kept in such a plant, shall be subject to inspection by any game and fish warden of this State at any time and no warrant shall be required therefor."

It is our opinion that the locker plants described by you are cold storage plants, under this Article, and our conclusion is impelled by the following language therein:

"* * * For the purpose of this Act, any plant in which game is stored for any person, other than the owner of such plant, is hereby defined as a public storage plant. * * *"

Furthermore, we think the plain letter of the statute authorizes any game and fish warden to search such

private lockers without a search warrant, that language being:

> "Any public cold storage plant, or the
> record books required to be kept in such a
> plant, shall be subject to inspection by any
> game and fish warden of this State at any
> time and no warrant shall be required there-
> for."

Such right of search is not in violation of Article 1, Section 9, of the Constitution, forbidding unreasonable search and seizure, as evidenced by the following authorities:

> New Way Lumber Co. v. Smith, 96 S. W. (2) 282;
> Moore v. Adams, 91 S. W. (2) 447;
> Blackburn v. State, 66 S. W. (2) 697;
> Interstate Forwarding Co. v. Vineyard, Tax
>     Assessor, 49 S. W. (2) 403; Same case,
>     3 S. W. (2) 947;
> Pence v. State, 296 S. W. 542;
> Battle v. State, 290 S. W. 762;
> Karr v. Baldwin, 57 Fed. (2) 252.

Of course, such search may not be arbitrarily made without the existence of reasonable grounds or belief as a basis therefor. See the foregoing authorities, likewise Chapin v. State, 296 S. W. 1095.

Trusting that this will be a sufficient answer to your inquiries, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

